**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES THOMAS RYAN,
                Appellant,

    v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBERS
DC-1221-14-0323-B-1
DC-1221-14-0378-B-1
DC-1221-14-0434-B-1
DC-1221-14-0700-B-1
DC-1221-16-0177-W-2
DC-1221-16-0178-W-2
DC-1221-16-0179-W-2

DATE: May 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James Thomas Ryan, Bel Air, Maryland, pro se.

Elizabeth E. Pavlick, Esquire, and Lundi McCarthy Shafiei, Esquire,
    Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision in this individual right of action (IRA) appeal, which denied his request for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

corrective action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that he disclosed a violation of an agency rule, we AFFIRM the remand initial decision.

## BACKGROUND

¶2    The Board remanded this IRA appeal to the regional office, finding that the appellant established jurisdiction over his claim that the agency had taken several personnel actions in reprisal for his January 4 and April 5, 2013 disclosures to the agency's Office of Professional Responsibility (OPR). *Ryan v. Department of Defense*, MSPB Docket Nos. DC-1221-14-0323-W-1, DC-1221-14-0378-W-1, DC-1221-14-0434-W-1, DC-1221-14-0700-W-1, Remand Order (Feb. 4, 2016) (Remand Order).[2] The appellant subsequently filed three additional IRA appeals alleging that the agency had taken additional personnel actions in reprisal for the

---

[2] The appellant originally filed four separate IRA appeals, MSPB Docket Nos. DC-1221-14-0323-W-1, DC-1221-14-0378-W-1, DC-1221-14-0434-W-1, and DC-1221-14-0700-W-1, which the administrative judge joined for adjudication because he found that they all "arise from the same or related underlying events, and involve aspects of the same whistleblowing claim." Remand Order, ¶ 5 n.2.

same disclosures,[3] and the administrative judge joined those appeals with the remanded appeals for a hearing on the appellant's claim that the agency took six personnel actions in retaliation for his January 4 and April 5, 2013 disclosures. *Ryan v. Department of Defense*, MSPB Docket No. DC-1221-14-0323-B-1, Remand File (RF), Tabs 12, 59; Tab 72, Remand Initial Decision (RID) at 5-6.

¶3      The appellant's disclosures concern four separate incidents involving the same coworker, who was a fellow police officer. RID at 7. The administrative judge carefully analyzed the appellant's disclosures concerning each alleged incident to determine whether the appellant had proved by preponderant evidence that a disinterested observer, with knowledge of the essential facts known to and readily ascertainable to him, could reasonably conclude that his disclosure evidenced a violation of law. RID at 7-18; *see* 5 U.S.C. § 2302(b)(8)(A)(i); *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 12 (2010) (discussing this standard at the jurisdictional stage of an IRA appeal). As set forth below, the administrative judge found that the appellant failed to establish by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8). RID at 7-18.

¶4      The appellant's January 4, 2013 memorandum to OPR recounts three separate incidents. RF, Tab 21 at 12-13. Concerning the first incident, which allegedly occurred during an honor guard assignment in June or July 2012 at the Raven Rock Mountain Complex, the appellant contended that another officer had intentionally given him conflicting commands in an effort to embarrass him. *Id.* The administrative judge found no evidence, save for the appellant's assertion, that the other officer had done so. RID at 8. Even crediting the appellant's account of the incident, the administrative judge determined that the actions described failed to satisfy the elements of an assault, finding no evidence of a threat or attempt of violence or injury. *Id.* Moreover, even if the appellant's

---

[3] *Ryan v. Department of Defense*, MSPB Docket Nos. DC-1221-16-0177-W-2, DC-1221-16-0178-W-2, and DC-1221-16-0179-W-2.

assertion that the other officer intended to embarrass, mock, or disparage him were true, the administrative judge found that the appellant could not have reasonably believed that such conduct constituted an assault. *Id.*

¶5     In the second incident, which allegedly occurred on August 28, 2012, in Mitchellville, Maryland, the appellant claimed that the other officer placed his left hand on the appellant's chest and pushed him, stating "get out the way" in a taunting manner. RF, Tab 21 at 12-13; Hearing Transcript (HT) at 9 (testimony of the appellant). Because the appellant's testimony on this point was unrebutted, the administrative judge found it more likely than not true that some manner of physical contact occurred between the appellant and the other officer. RID at 10. Nevertheless, citing the lack of any other evidence in support of the appellant's version of the incident, particularly considering how many officers were present when it allegedly happened, the appellant's failure to raise the incident with anyone until January 2013, and his history of making unfounded accusations against his coworkers, the administrative judge found that the appellant could not have reasonably believed that the other officer's actions amounted to an assault. RID at 10-11.

¶6     Concerning the third incident, which occurred on January 4, 2013, the appellant recounted an argument with the other officer over the volume of the radio in an agency vehicle. RF, Tab 21 at 12-13. Following the argument, when retrieving their equipment from the back of the vehicle, the appellant alleged that the other officer then made unnecessary physical contact with him, laughed and smirked, and said to him "[y]ou better leave that alone or you'll get smacked." *Id.* at 12. The administrative judge found that, even if he assumed the contact was intentional, the appellant had consistently interpreted the episode as an affront to his dignity and not a threat of bodily harm by force or violence, observing that the appellant's reactions, as well as his hearing testimony, undermined his assertion that the other officer either caused him apprehension or intimidated him. RID at 14-16. Thus, the administrative judge found that the

appellant also failed to show that he reasonably believed he was assaulted by the other officer on January 4, 2013.  RID at 16.

¶7      In his April 5, 2013 memorandum to OPR, the appellant recounted a fourth alleged assault, asserting that when he was entering an agency facility earlier that day, the other officer had stared at him with a "scorn[ful]/resentful/angry expression on his face."  *Ryan v. Department of Defense*, MSPB Docket No. DC-1221-14-0434-W-1, Initial Appeal File (0434 IAF), Tab 10 at 5.  The appellant, who was off-duty at the time, remarked that the other officer was in possession of an agency firearm, and he asserted that the look he received was an attempt by the other officer to intimidate him with physical force.  *Id.*  In reviewing the appellant's allegations, the administrative judge cited a memorandum issued by the Chief of OPR concerning OPR's review of security camera footage of the alleged incident, which did not support the appellant's version, and found that the record contained no evidence as to what, if anything, took place.  RID at 16-17; RF, Tab 67 at 4.  Nevertheless, the administrative judge found that, even if the appellant's allegations were true, he could not have reasonably believed that the other officer's expression of scorn caused him to suffer an assault.  RID at 18.  Accordingly, the administrative judge found that the appellant failed to establish that his January 4 and April 5, 2013 disclosures were protected under 5 U.S.C. § 2302(b)(8).  *Id.*

¶8      In his petition for review, the appellant argues that the administrative judge misinterpreted his allegations and used too restrictive a definition of assault in finding that his January 4 and April 5, 2013 disclosures were not protected.  Petition for Review (PFR) File, Tab 1.  He also challenges the administrative judge's factual and credibility determinations.  *Id.*  He asserts that he reasonably believed that the June or July 2012 incident evidenced "a security violation (a violation of [Department of Defense (DOD)] regulation [Administrative Instruction (AI)] 30," rather than an assault.  *Id.* at 5-6.  The agency has filed a

response to the appellant's petition for review, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 2, 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶9      After establishing the Board's jurisdiction in an IRA appeal, an appellant must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him.[4]  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  As noted above, the administrative judge found that the appellant failed to prove at least one element of this burden—that the relevant disclosures were protected.  RID at 7-18.  This decision will be similarly focused.

¶10      A protected disclosure is one that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8)(A); *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 18 (2013).  The test for determining if an employee's belief regarding the disclosed matter is reasonable is whether a disinterested observer with knowledge of the essential facts known and readily

---

[4] This appeal involves events occurring both before and after the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA).  Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476.  Because the changes made by the WPEA do not affect the outcome of this appeal, we find it unnecessary to resolve whether it applies here.

Similarly, during the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  It expanded the activities protected under 5 U.S.C. § 2302(b)(9)(C) to include cooperating or disclosing information to "any . . . component responsible for internal investigation or review."  Pub. L. No. 115-91, § 1097(c)(1)(A), 131 Stat. 1283, 1618.  That expansion does not affect the outcome of this appeal because all of the relevant events occurred prior to December 12, 2017.  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33 (finding that the changes to section 2302(b)(9)(C) do not apply retroactively).

ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Baldwin*, 113 M.S.P.R. 469, ¶ 12.

<u>The appellant failed to prove that his disclosure about the June or July 2012 incident was protected.</u>

¶11    In his January 4, 2013 memorandum to OPR, the appellant asserted that his coworker gave him conflicting orders during an honor guard ceremony in June or July 2012 and then mocked him for being out of step, all in an effort to embarrass the appellant. RID at 7-8; RF, Tab 21 at 12. The administrative judge found it more likely that any misstep on the part of the appellant was the result of "his own mistake, simple miscommunication, or other unremarkable cause." RID at 8-9. He concluded that, even assuming the appellant's coworker gave the appellant a false or conflicting command as claimed, the appellant could not have reasonably believed that he was assaulted. RID at 7-9.

¶12    On review, the appellant presents two brief but distinct arguments about this disclosure. First, the appellant challenges the administrative judge's definition of assault, arguing that the administrative judge should have used the state law definition of assault, rather than one from Black's Law Dictionary.[5] PFR File, Tab 1 at 6. Second, the appellant argues that the June or July 2012 incident amounted to a violation of a particular agency policy regarding workplace violence. *Id.* at 5-6.

¶13    Regarding this disclosure and the concept of an "assault," we note that the underlying incident took place in Pennsylvania. HT at 8 (testimony of the appellant). Pennsylvania defines simple assault, in pertinent part, as "attempts by

---

[5] The appellant argued that the Maryland or Virginia definitions should have been used. PFR File, Tab 1 at 6. Because the incident occurred in Pennsylvania, we infer that he meant to refer to Pennsylvania law. He also claims that an assault is a threat of unwanted touching but notably does not claim that any threat of touching occurred. *Id.*

physical menace to put another in fear of imminent serious bodily injury."[6] 18 Pa. Cons. Stat. Ann. § 2701(a)(3); *see Baldwin*, 113 M.S.P.R. 469, ¶¶ 18-21 (considering the various definitions of assault, including under South Carolina law, in finding that an appellant nonfrivolously alleged that he reasonably believed that his coworker's action of waving a box cutter at him in a threatening manner was an assault).

¶14 The appellant has not alleged that he believed his fellow officer intended to cause him fear of bodily injury. The appellant testified that the other officer deliberately misdirected him to "embarrass" and "taunt." HT at 69 (testimony of the appellant). This allegation is not something a reasonable individual with the appellant's knowledge in law enforcement would believe was an assault. *See Schlosser v. Department of the Interior*, 75 M.S.P.R. 15, 22 (1997) (considering that the appellant was a police officer in determining the reasonableness of his belief that he disclosed a violation of law). Accordingly, we agree with the administrative judge's finding that the appellant did not believe, and a disinterested observer in his position would not believe, that his fellow officer intended to cause him fear of bodily harm. RID at 9. This is true under the more generalized definition of "assault" used by the administrative judge as well as the definition specific to Pennsylvania.

¶15 As previously stated, the appellant argues, in the alternative, that his disclosure revealed a violation of AI 30, which he describes as making it a "security violation . . . to cause someone embarrassment in the workplace because it is a sign of workplace violence." PFR File, Tab 1 at 5-6. The appellant also raised this claim during the hearing below. HT at 8 (testimony of the appellant). The administrative judge did not address this argument, and we modify the initial

---

[6] The appellant has not alleged that his fellow officer actually harmed him or intended to harm him. RF, Tab 21 at 12; *see* 18 Pa. Cons. Stat. Ann. § 2701(a)(1)-(2) (setting forth alternative definitions of "assault").

decision to do so.  We find that the appellant did not prove he reasonably believed that his coworker violated AI 30.

¶16     As an initial matter, we find that the appellant has proven that AI 30 constitutes a "rule" for purposes of determining if the agency violated a "law, rule, or regulation."  Although the WPEA does not define "rule," it includes established or authoritative standards for conduct.  *See Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶¶ 15-17 (2002) (citing dictionary definitions of the word "rule").  In finding that this pro se appellant met his burden, we have broadly construed the whistleblower reprisal statutory scheme in his favor.  *See Rusin*, 92 M.S.P.R. 298, ¶ 17 (acknowledging that the Whistleblower Protection Act is a remedial statute intended to improve protections for Federal employees and should be broadly construed in favor of those whom it was intended to protect); *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (explaining that the Board construes pro se pleadings liberally, and parties that are pro se are not required to plead issues with legal precision), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).  There is no de minimis exception to the protection afforded disclosures of the violation of a law, rule, or regulation.  *See Fisher v. Environmental Protection Agency*, 108 M.S.P.R. 296, ¶ 9 (2008).

¶17     We have been unable to find AI 30 in the record.  This contrasts with another agency policy, AI 8, along with some legal definitions of assault, which the appellant submitted into evidence.[7]   RF, Tabs 46-47.  However, the absence of this policy from the record is not fatal to the appellant's claim.  An appellant is not required to identify the law, rule, or regulation that was violated "by title or number, when [his] statements and the circumstances surrounding the making

---

[7] Although the appellant's updated exhibit list identifies AI 8 as Exhibit M, RF, Tab 56 at 4, his exhibit list does not include AI 30, and, as noted above, he fails to identify the document on review.  Further, we were unable to access AI 30, which is listed as a controlled document, on the internet.  DOD Issuances, AI 30, https://www.esd.whs.mil/Directives/issuances/admin_inst/ (last visited May 26, 2023).

of those statements clearly implicate an identifiable violation of law, rule, or regulation." *See Chavez*, 120 M.S.P.R. 285, ¶ 19 (quoting *Langer v. Department of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001)). Thus, we conclude that AI 30 is an agency "rule" for purposes of the appellant's whistleblower reprisal claim.

¶18    The appellant described AI 30 as a workplace violence policy that protects against embarrassment. PFR File, Tab 1 at 5-6; HT at 8 (testimony of the appellant). He testified that his coworker committed a "security violation" by "deliberately caus[ing the appellant] embarrassment in front of a group of people." HT at 70 (testimony of the appellant). We find that the appellant failed to prove that he reasonably believed that his coworker deliberately embarrassed him.[8] The appellant's coworker testified that he gave the same verbal commands to the entire honor guard, "and everyone did the same move except for [the appellant]." HT at 138 (testimony of the accused officer). The administrative judge concluded that the appellant's missteps during the ceremony were due to "his own mistake, simple miscommunication, or other unremarkable cause." RID at 8-9. In so finding, the administrative judge credited the testimony of the appellant's fellow officer regarding the June or July 2012 incident after holding a hearing. RID at 7-9. The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no such sufficiently sound reasons here.

¶19    The administrative judge did not specifically address whether the appellant reasonably believed his coworker acted deliberately. We find that the appellant failed to provide evidence supporting such a claim. The appellant has the burden

---

[8] In light of this finding, we need not reach the issue of whether the appellant proved that he reasonably believed AI 30 prohibited deliberately embarrassing someone.

of proving that it is more likely than not that he reasonably believed, as relevant here, that his coworker deliberately embarrassed him in violation of AI 30. *See Lu*, 122 M.S.P.R. 335, ¶ 7 (setting forth an appellant's burden to prove his claim on the merits by preponderant evidence); 5 C.F.R. § 1201.4(q) (defining preponderant evidence as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue). He gave speculative and conclusory testimony that his coworker gave him conflicting instructions "for the purpose of causing [him] embarrassment" and "intentionally miscommunicat[ed] information to [him]." *Id.* (testimony of the appellant). He provided no details supporting these conclusions, and we find that the appellant's testimony does not meet his burden of proving by preponderant evidence that he reasonably believed his coworker was motivated to embarrass him.

¶20 For the first time on review, the appellant asserts that his coworker "told [the appellant] privately to march in a wheel pattern when [the coworker] gave [the appellant] the command to 'march.'" PFR File, Tab 1 at 5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). We have been unable to locate in the record below that the appellant claimed or provided evidence that his coworker gave him a private order to walk in a wheel pattern when ordered to march. For example, the appellant did not testify regarding any such order or refer to it in his January 4, 2013 disclosure. HT at 8, 68-70 (testimony of the appellant); RF, Tab 21 at 12.

¶21 The appellant argues on review that he did not previously challenge his coworker's testimony regarding the June or July 2012 incident because while his coworker testified that he gave the same "command" to all members of the honor guard, he gave the appellant a different "order." PFR File, Tab 1 at 5. The

appellant appears to distinguish between a proper command, which he implicitly concedes his coworker gave him, and a "conflicting order[]," which he is now asserting his coworker gave him privately. *Id.* We do not find the appellant's stated distinction between orders and commands to be a reason for failing to exercise the basic due diligence of raising this argument below or giving a complete version of what occurred in June or July 2012 during his testimony. Further, we observe that the appellant is, in essence, attempting to impeach his coworker's credibility, and such evidence is not a basis for granting review. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989) (explaining that evidence offered merely to impeach a witness's credibility is not generally considered new and material). Accordingly, we find that the appellant failed to prove that he reasonably believed his fellow officer deliberately embarrassed him in violation of AI 30.

The appellant failed to prove that his disclosure about the August 2012 incident was protected.

¶22    Unlike the one discussed above, the second incident recounted in the appellant's January 4, 2013 memorandum, which he alleged occurred in Maryland on August 28, 2012, did involve physical touching. RF, Tab 21 at 12. For the following reasons, we also agree with the administrative judge that the appellant failed to establish that he reasonably believed that he disclosed conduct that comprised an assault.[9] RID at 11. The appellant testified that the other officer pushed him, knocked him off balance, and told him to "get out of the way." HT

---

[9] The appellant alleged in his disclosure concerning this incident that he believed, based on his coworker's behavior, that he was a "habitual drunkard," which he characterized as "conduct unbecoming." RF, Tab 21 at 12. In his hearing testimony, the appellant corrected this statement, indicating that he meant to allege that his coworker had a drinking problem. HT at 17, 76-77, 80-83 (testimony of the appellant). The appellant restates his belief that his coworker had a drinking problem on review. PFR File, Tab 1 at 10, 26. However, he does not appear to have argued below or on review that he made a protected disclosure as to the other officer's alleged drinking problem. RID at 12-13 n.4; PFR File, Tab 1 at 26.

at 8-9, 70 (testimony of the appellant). The appellant explained that if he had not retreated, "sooner or later I would have toppled over," but he went on to assert that, "because I was standing on a hill and I had a good footing to begin with," he did not fall. *Id.* at 74-75. The administrative judge found that "some manner of physical contact occurred."[10] RID at 10. However, he did not credit the appellant's assertion that he believed his coworker's conduct amounted to an assault. RID at 11. In so finding, the administrative judge considered, among other factors, the appellant's history of making unfounded accusations against his coworkers. *Id.*

¶23 On review, the appellant argues that this consideration was improper. We disagree. Evidence of a witness's character, particularly as to his veracity, is an appropriate consideration for credibility determinations. *Smith v. Department of Veterans Affairs*, 93 M.S.P.R. 424, ¶ 18 (2003); *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The appellant also offers information in support of his prior claims of coworker misconduct. PFR File, Tab 1 at 12-13. We decline to consider this information on review. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that, under 5 C.F.R. section 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶24 The appellant further argues that the administrative judge failed to apply Maryland law when determining that the appellant did not reasonably believe his coworker assaulted him. PFR File, Tab 1 at 9-10. Second-degree or misdemeanor assault in Maryland includes the intent-to-frighten if (1) the defendant commits an act with the intent to place a victim in fear of immediate

---

[10] The appellant argues that the administrative judge should have credited his sworn statement that his coworker touched him over his coworker's denial. PFR File, Tab 1 at 7-8; RID at 9-10; HT at 8-9; RF, Tab 21 at 101, Tab 37 at 22-23. Because the administrative judge found that the alleged physical contact occurred, we discern no basis to disturb his finding.

physical harm; (2) the defendant has the apparent ability, at the time, to bring about the physical harm; and (3) the victim is aware of the impending physical harm.[11] *Jones v. State*, 103 A.3d 586, 589 (Md. 2014) (internal quotations and citations omitted); *see* Md. Code Ann., Criminal Law § 3-203 (prohibiting second-degree assault and identifying it as a misdemeanor).

¶25 Even applying this definition, we find no error in the administrative judge's finding that the appellant did not reasonably believe that the incident in question amounted to criminal assault. RID at 11. The administrative judge found that the appellant's claim of assault was not credible because the incident allegedly occurred in front of fellow officers and the appellant claimed he responded only by stating "don't do that" and did not report the incident until 6 months later. RID at 10-11; RF, Tab 62 at 12-13. Further, the appellant denied that his fellow officer was angry but rather asserted that he was "[h]aughty," "[c]ondescending," and "[s]uperior." RF, Tab 62 at 32; RID at 11. Thus, the appellant's behavior during and after the incident, and his characterization of his coworker's frame of mind, support the administrative judge's finding that the appellant did not reasonably believe his coworker intended to cause him immediate physical harm.[12] RID at 11.

¶26 The appellant also argues that his fellow officer committed the misdemeanor of "simple assault" because the appellant responded to his fellow officer's actions by telling "him not to do it." PFR File, Tab 1 at 10; HT at 9

---

[11] First-degree assault involves an intentional "cause or attempt to cause serious physical injury." Md. Code Ann., Criminal Law § 3-202. Because the burden to prove first-degree assault is higher, we will focus on the lower burden of proving second-degree assault.

[12] As to both the August 28, 2012 and April 5, 2013 incidents, the appellant observed that the other officer had an agency firearm in his possession during the alleged assault. 0434 IAF, Tab 10 at 5; HT at 8-9 (testimony of the appellant). The appellant and his coworker were both police officers and were required to carry guns as part of their jobs. We are not persuaded that a disinterested observer in the appellant's position would have found his coworker's possession of a firearm unusual or, without more, threatening.

(testimony of the appellant). It is unclear on what the appellant bases his belief that his warning converted his coworker's actions into an assault. In any event, the appellant has cited to no legal authority for his claim, and we are unable to locate any.

¶27 On review, the appellant also questions the administrative judge's reliance on his 6-month delay in reporting the incident as a factor in determining the reasonableness of his belief that he was assaulted. PFR File, Tab 1 at 9. The Board has found, in the context of a chapter 75 adverse action, that in deciding whether an agency has proven that an employee made a threat, it applies the reasonable person standard, considering the listeners' reactions, the listeners' apprehension of harm, the speaker's intent, any conditional nature of the statements, and any attendant circumstances. *Metz v. Department of the Treasury*, 780 F.2d 1001 (Fed. Cir. 1986); *Rose v. U.S. Postal Service*, 109 M.S.P.R. 31, ¶ 8 (2007). As in a chapter 75 action, we find that the administrative judge's consideration of the appellant's response to his coworker's actions, including his delay in reporting them, was appropriate. In addition, we agree that the appellant's delay in reporting the incident undermines his claim that a reasonable person in his position would have found that his fellow officer's behavior evidenced an intent to cause physical harm.

¶28 The appellant also argues that agency officials essentially believed him because they started an investigation into his allegations of assault and did not accuse him of making a false statement. PFR File, Tab 1 at 11. We decline to infer that the appellant reasonably believed he was assaulted because the agency started an investigation based on his then-unchallenged allegations. RF, Tab 37 at 21-23; *see Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999) (explaining that an employee's "purely subjective perspective" is insufficient to establish the reasonableness of his belief of Government wrongdoing "even if shared by other employees"). Nor do we view the agency's decision not to take action for alleged false statements as undermining the administrative judge's

finding that a reasonable person would not have viewed the incident as an assault. RID at 11.

## The appellant failed to prove that his disclosure about the January 2013 incident was protected.

¶29    The third incident set forth in the appellant's January 4, 2013 letter occurred in Virginia on the same day. RF, Tab 21 at 12-13; 0434 IAF, Tab 10 at 5; RID at 16. It began with a disagreement between the appellant and his fellow officer regarding the volume of a car radio. RF, Tab 21 at 12. About 30 minutes later, while the appellant was removing his equipment from the rear of the vehicle, he alleged that his fellow officer "intentionally made unnecessary physical contact with the right side of his body to the left side of [the appellant's] body (assault) as if [the appellant] was not standing there and started to laugh (taunt) with a smirk on his face." RF, Tab 21 at 12, Tab 62 at 5. The appellant described his coworker's contact as a "nudge." RF, Tab 62 at 6.

¶30    The appellant also asserted that he responded to the nudge by asking, "Did you see me standing there?" RF, Tab 21 at 12; HT at 10 (testimony of the appellant). Apparently referring to the earlier dispute over the radio, the fellow officer then stated "leave that alone or you'll get smacked," which the appellant testified that he interpreted as a threat. RF, Tab 21 at 12; PFR File, Tab 1 at 7-8; HT at 70-71 (testimony of the appellant). During the resulting agency investigation, the appellant indicated that he responded to his coworker's conduct by laughing. RF, Tab 6 at 5. The administrative judge found that the evidence suggested that any contact during the episode was inadvertent on the other officer's part, and he found that the appellant's own reactions undermined his assertion that the other officer had intimidated him. RID at 15. Instead, the appellant's description of the incident indicated that he was a participant, not a victim. For example, he claimed in his testimony that he and his coworker essentially "locked horns." HT at 70 (testimony of the appellant); RID at 12-16.

¶31     The appellant disputes the administrative judge's conclusion that his fellow officer's contact was likely inadvertent.  PFR File, Tab 1 at 16-17; RID at 14. When, as here, an administrative judge's findings are "intertwined with issues of credibility and an analysis of [the appellant's] demeanor at trial," the Board affords them "special deference."  *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016); HT at 140, 143-44 (testimony of the accused officer).  The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe*, 288 F.3d at 1301.  The appellant's arguments simply reweigh the various factors relevant to credibility determinations.  PFR File, Tab 1 at 16-17; *see Hillen*, 35 M.S.P.R. at 458 (identifying the factors an administrative judge must consider in resolving credibility issues).  We are not persuaded by the appellant's assertions, which include giving weight to his own unsubstantiated testimony that his coworker "does not like white people."  PFR File, Tab 1 at 16-17; HT at 72 (testimony of the appellant).

¶32     Under Virginia law, an assault is "an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end."  *United States v. Carthorne*, 726 F.3d 503, 512 (4th Cir. 2013) (quoting *Montague v. Commonwealth*, 684 S.E.2d 583, 588 (Va. 2009)).  The appellant's conclusory statement on review that the other officer's actions were "unwanted, offensive, physical contact" again falls short of conduct that a reasonable person would view as an assault.  PFR File, Tab 1 at 16. In addition, his characterization of his laugh as "incredulous" does not undermine the administrative judge's finding that the appellant's laughter and other behavior following the incident undermined his claim that he felt intimidated.  *Id.* at 19-20; RID at 15.  In fact, as the administrative judge observed, the appellant indicated that his immediate response of asking if his coworker saw him was to attempt to obtain an "incriminating statement" from his coworker in front of their superiors. RID at 15-16; HT at 10-11 (testimony of the appellant).  On review, the appellant

defends this behavior as "a common law enforcement tactic." PFR File, Tab 1 at 21. We therefore agree with the administrative judge that the appellant's response did not reflect surprise or alarm. RID at 15; PFR File, Tab 1 at 21. We further agree that the appellant failed to establish that he reasonably believed that he was disclosing an assault. RID at 16.

¶33 The appellant also argues that the reasonableness of his belief that he was assaulted is supported by the fact that a Virginia magistrate judge charged the other officer with a crime based on that officer's "own written statement containing his admission of making a threatening statement to me."[13] PFR File, Tab 1 at 11-12. The documents that the appellant cites in support of this claim involve: (1) the Citizen's Criminal Complaint that he initiated in Virginia General District Court, in which he alleged that the other officer had assaulted him; and (2) an email from the other officer to an agency investigator, in which that officer recounts his version of the incident. RF, Tab 33 at 5-11. The documents also show that the judge who heard the case found the other officer not guilty of assault. *Id.* at 4-5. The appellant's claim that the magistrate judge believed any particular fact is without support in the record, and the appellant's allegations in his Citizen's Criminal Complaint are similar to the nonfrivolous allegations for which the Board found that the appellant established jurisdiction over his claim and remanded it for adjudication. Remand Order, ¶¶ 3, 14-16. Nevertheless, in order to establish his claim, the appellant must show by preponderant evidence that a reasonable person would have believed that he disclosed conduct that amounted to an assault. *E.g.*, *Langer*, 265 F.3d at 1265 (finding that in an IRA appeal, "[t]he standard for establishing subject matter jurisdiction and the right to a hearing is assertion of a nonfrivolous claim," while "the standard for establishing a prima facie case is preponderant evidence"). We

---

[13] Although not entirely clear, it appears that this argument concerns the January 4, 2013 incident because the statement the appellant references concerned that incident. PFR File, Tab 1 at 11-12; RF, Tab 33 at 11.

are not persuaded that the fact that a magistrate allowed the appellant's complaint to proceed is relevant to our determination on this issue.

¶34     Finally, the appellant argues that the administrative judge should have granted his request for the testimony of two agency employees who determined that the appellant's description of the January 4, 2013 incident was sufficient to open an agency investigation. PFR File, Tab 1 at 17. However, the appellant did not offer these witnesses for that purpose. RF, Tab 27 at 36. Further, the witnesses' perception of the appellant's belief as to his fellow officer's intention, based on the appellant's own description of the event to those witnesses, has little probative value. Under the circumstances, we decline to find that the administrative judge abused his discretion in finding that their testimony was not relevant. RF, Tab 59 at 3; *see Lee v. Environmental Protection Agency*, [115 M.S.P.R. 533](), ¶¶ 16-17 (2010) (finding that an administrative judge did not abuse her broad discretion by excluding a witness who supervised the appellant during a period that ended more than a year prior to the performance improvement period at issue in his removal).

The appellant failed to prove that his disclosure about the April 2013 incident was protected.

¶35     As to the fourth incident, the appellant alleged that on April 5, 2013, his fellow officer looked at him with scorn, resentment, or anger while on duty and in possession of his agency firearm. 0434 IAF, Tab 10 at 5. The administrative judge found that no reasonable person could perceive his coworker's look as an assault. RID at 18. The appellant argues that he provided a sworn statement to OPR that his coworker "tr[ied] to intimidate [him] with physical force" on April 5, 2013. PFR File, Tab 1 at 22-25. He asserts that because the only statement rebutting his account is unsworn, the administrative judge erred in failing to credit his version of the incident. *Id.* at 22-23, 25. We are not persuaded. Contrary to the appellant's claim on review, his statement is also unsworn. 0434 IAF, Tab 10 at 5. In any event, the administrative judge did not rely on the

description of the incident provided by the agency. RID at 18; RF, Tab 67 at 4-5. Rather, in finding no reasonable person could have perceived an assault, he assumed the appellant's statement was true. RID at 18. We decline to disturb this finding.

¶36 The appellant next argues that the administrative judge should have analyzed whether the appellant proved that his disclosures were contributing factors in the agency's actions. PFR File, Tab 1 at 29. We disagree. Because the administrative judge properly determined that the appellant failed to prove he made a protected disclosure, he was not required to conduct such an analysis. *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶¶ 8-10 (finding that an appellant failed to prove that his protected activity was a contributing factor in his separation as the result of a reduction-in-force, and therefore it was unnecessary to make further findings regarding his whistleblower reprisal claim).

¶37 Finally, the appellant attaches a one-page log that his supervisor completed of his performance in June and July 2015. PFR File, Tab 1 at 31. He does not explain the significance of the document, or why he could not have offered it during the proceedings below. We decline to consider it, as it is not relevant to the issue of whether the appellant made protected disclosures in 2012 and 2013. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *Avansino*, 3 M.S.P.R. at 214.

¶38 Accordingly, we affirm the administrative judge's decision to deny corrective action.[14]

---

[14] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[15]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[15] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[16] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[16] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____

                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.